UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald J. Jackson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GMAC Insurance *et al.*, )<br>)<br>Defendants. ) | Civil Action No.<br>09 0439 |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the complaint.

The complaint seeks compensation for physical injuries the plaintiff incurred when the motor scooter he was riding was struck by another vehicle. He alleges that he was inadequately treated by the Veterans Administration (VA) Hospital for broken bones and other injuries from which he has not yet recovered in major respects. He names as defendants an insurance company, his legal counsel in the matter, and the VA.

Unlike state courts of general jurisdiction, federal district courts are courts of limited jurisdiction. A federal district court does not have subject matter jurisdiction over claims that would require the court to determine first whether the VA provided appropriate medical care to the plaintiff. *See Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005) (holding that 28 U.S.C. § 511 deprives the district court of jurisdiction over such matters). Accordingly, the claim that the VA "under-treated" plaintiff's injuries will be dismissed with prejudice for lack of subject

matter jurisdiction. Plaintiff's recourse as to that claim lies with the Secretary of Veterans Affairs.

The claims suggested by the facts alleged in the complaint are state law claims. A federal court has jurisdiction of state law claims where the parties are of diverse citizenship — that is, where no defendant is a citizen of the same state as any plaintiff — and if the amount in controversy is alleged to be more than $75,000. *See* 28 U.S.C. §1332(a). Here, the plaintiff did not assert that the amount in controversy is more than $75,000. Therefore, this court does not have diversity jurisdiction over the claims against the is complaint, and will dismiss the claims without prejudice for lack of jurisdiction.

Because this court lacks either subject matter jurisdiction or diversity jurisdiction of the claims implied, the complaint will be dismissed for lack of jurisdiction. A final order accompanies this memorandum opinion.

Date: 2/19/09

*Ellen S Huck*
United States District Judge